IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS AGUILAR-TAFOYA and
BRADLEY BREWTON, both individually
and on behalf of other similarly situated
individuals,

       Plaintiffs,

vs.                                                                                                   No. CIV 23-0247 JB/JMR

THE TRAVELERS INDEMNITY COMPANY;
THE STANDARD FIRE INSURANCE
COMPANY; TRAVELERS CASUALTY AND
SURETY COMPANY; TRAVELERS
CASUALTY INSURANCE COMPANY OF
AMERICA; THE TRAVELERS CASUALTY
COMPANY; TRAVELERS CASUALTY
COMPANY OF CONNECTICUT;
TRAVELERS INDEMNITY COMPANY OF
AMERICA; TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT;
TRAVELERS PERSONAL INSURANCE
COMPANY; TRAVELERS PERSONAL
SECURITY INSURANCE COMPANY;
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA; TRAVELERS
PROPERTY CASUALTY INSURANCE
COMPANY; TRAVELERS COMMERCIAL
CASUALTY COMPANY and TRAVELERS
COMMERCIAL INSURANCE COMPANY,

       Defendants.

**MEMORANDUM OPINION**[1]

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss Plaintiffs'

Class Action Complaint, or, in the Alternative, to Stay Proceedings, filed March 29, 2023

---

[1]On March 21, 2024, the Court entered an Order granting in part and denying in part the Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint, or in the Alternative, to Stay Proceedings, filed March 29, 2023 (Doc. 5). See Order at 1, filed March 21, 2024 (Doc. 32)("Order"). In the Order, the Court dropped a footnote, stating: "This Order disposes of the Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint, or, in the Alternative, to

(Doc. 5)("MTD").  The Court held a hearing on July 19, 2023.  See Clerk's Minutes at 1, filed July 19, 2023 (Doc. 30).  The Court issued an Order, filed March 21, 2024 (Doc. 32), granting in part and denying in part the MTD.  See Order at 1.  In the Order, the Court denies the MTD's request to dismiss the Plaintiffs' Class Action Complaint, filed February 17, 2023, in State court,[2] filed March 22, 2023, in federal court (Doc. 1-1)("Complaint"), stating:

> the Complaint alleges sufficiently that Brewton's insurance policy is misleading and deceptive, despite that Brewton's policy was not entirely valueless, see Bhasker v. Kemper Cas. Ins. Co., 361 F. Supp. 3d 1045, 1148 (D.N.M. 2019)(Browning, J.)("Bhasker's well-pled complaint alleges that Financial Indemnity's business practices deceived and misled the proposed class, to include UIM policyholders with greater-than-minimum limits coverage.")

Order at 4.  The Order also grants the MTD's request for a stay.  See Order at 1.

## ANALYSIS

Contrary to the Defendants' arguments in the MTD, Plaintiff Bradley Brewton plausibly states a claim pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.  In the Complaint, the Plaintiffs allege that Brewton "was an insured beneficiary with the Defendants," who "provided him with uninsured and underinsured motorist insurance coverage" in the amount of $50,000 per person, which exceeds the statutory minimum.  Complaint ¶ 58, at 11.  See Crutcher v. Liberty Mut. Ins. Co, 2022-NMSC-001, ¶ 6, 501 P.3d 433 ("Crutcher")("New Mexico law requires every driver to carry auto liability insurance of at least $25,000 per person and $50,000 per occurrence and UM/UIM insurance coverage of at least the same amount.")(citing N.M.S.A. §§ 66-5-215(A)(1)-(2); 66-5-301(A)).  After a minimally insured motorist crashes into Brewton

---

Stay Proceedings, filed March 29, 2023 (Doc. 5).  The Court will issue at a later date, however, a Memorandum Opinion more fully detailing its rationale for its decision."  Order, at 1 n.1.  This Memorandum Opinion is the promised opinion.

[2]The Defendants removed this case to federal court on March 22, 2023.  See Notice of Removal at 1 (Doc. 1).

and causes him damages that exceed the amount of his uninsured and underinsured motorist coverage, Complaint ¶ 57, at 11, Brewton makes a claim with the tortfeasor's insurer and receives $166,667.00, Complaint ¶ 59, at 11.  Subsequently, Brewton makes a claim for his own underinsured motorist benefits pursuant to the policy that the Defendants issued to him.  See Complaint ¶ 60-61, at 11.  Despite Brewton's "reasonable expectation[s]" that he "would benefit from the insurance premiums Defendants collected," his insurer never paid him his underinsured motorist benefits.  Complaint ¶ 63, at 11.  See Complaint ¶ 64, at 11.  Brewton files suit that proposes a class action comprised of "all persons . . . insured by Defendants where Defendants' written representations of UM/UIM benefits misled them to reasonably believe they paid a premium underinsured motorist coverage on a policy . . . that purported to provide underinsured motorist coverage . . . but which effectively provides" no coverage.  Complaint ¶ 65, at 12.

New Mexico's insurance laws operate pursuant to the "offset rule," which dictates that "underinsured motorist benefits are calculated by subtracting the amount of the insured's uninsured motorist coverage from the amount of the tortfeasor's liability coverage." Crutcher, 2022-NMSC-001, ¶ 20, 501 P.3d 433 at 437.  In 2022, the Supreme Court of New Mexico decided Crutcher, which holds that "minimum [uninsured/underinsured] coverage is misleading because policyholders are not adequately informed that they are not eligible to receive UIM coverage." Crutcher, 2022-NMSC-001, ¶ 31, 501 P.3d at 441.  According to Crutcher, the offset rule results in an "impossibility," pursuant to which "if injured persons purchased only the statutory minimum policy, the person's policy will not cover losses for damages in excess of $25,000.  Collection of UIM insurance is therefore practically impossible for minimally insured motorists . . . ." Crutcher, 2022-NMSC-001, ¶ 20, 501 P.3d at 438.  This conclusion leads the Supreme Court of New Mexico to impose an obligation on insurers.  Insurers now must "adequately disclose" to policyholders

that "purchase of the statutory minimum of UM/UIM insurance may come with the counterintuitive exclusion of UIM insurance if the insured is in an accident with a tortfeasor who carries minimum liability insurance." Crutcher, 2022-NMSC-001, ¶ 32, 501 P.3d at 441. Recently, the Supreme Court of New Mexico holds that Crutcher's disclosure rule is retroactive. See Smith v. Interinsurance Exch. of Automobile Club, NMSC NO. S-1-SC-39659, ¶ 2, 2024 WL 4532820, *1 ("Smith").

According to the Defendants, because Brewton's policy exceeds the statutory minimum for uninsured and underinsured motorist coverage, "Crutcher does not apply and Brewton fails to state a claim." MTD at 14. The Court rejects a nearly identical argument, however, in Bhasker v. Kemper Cas. Ins. Co., 361 F. Supp. 3d 1045 (D.N.M. 2019)(Browning, J.)("Bhasker II")). Bhasker II predates Crutcher, but the Court predicted correctly Crutcher's holding. See Smith, NMSC NO. S-1-SC-39659, ¶ 16, 2024 WL 4532820, *4 ("Finally, the federal district court squarely predicted years ago in two memorandum opinions that this Court would hold that minimum liability UM/UIM coverage is illusory under New Mexico law.")(citing Bhasker v. Kemper Cas. Ins. Co., 284 F.Supp. 3d 1191, 1236 (D.N.M. 2018)(Browning, J.)("Bhasker I"); and Bhasker II, 361 F.Supp. 3d at 1045). In Bhasker II, the Court holds that "coverage at higher-than-minimum limits is not illusory in the sense that such policies never confer a financial benefit to insureds." 361 F. Supp. 3d at 1142. The Court concludes, nonetheless, that the defendant is not entitled to judgment as a matter of law, stating: "Bhasker's theory is that Financial Indemnity misled her and a class of insureds who, like Bhasker, purchased UIM coverage believing that they would receive the full UIM coverage reflected on their declarations pages, whether minimum limits or some greater figure." Bhasker II, 361 F.Supp. 3d at 1142. The Court quotes from Bhasker I, explaining:

> "Rather, Bhasker seems to be arguing, generally, that her UM/UIM policy did not cover what she thought it would, in which case the UIM coverage was illusory in the sense that it appeared to be something it was not. According to her Complaint, she believes her policy's UIM component is worth nothing or close to nothing. Consequently, even if the Court agreed with Financial Indemnity that the policy's UIM coverage has some value, that designation would not foreclose Bhasker's claims that Financial Indemnity misled her about what the UM/UIM policy covered."

Bhasker II, 361 F. Supp. 3d at 1143 (quoting Bhasker I, 284 F. Supp. 3d at 1238).

This reasoning applies here and explains why the Plaintiffs survive rule 12(b)(6). The MTD's extensive reliance on Garcia v. Republic Underwriters Insurance Company, 658 F. Supp. 3d 1022, 1027 (D.N.M. 2023)(Gonzales, J.)("Garcia"), is unpersuasive. See MTD at 15. Garcia is a "putative class action" challenging New Mexico's "underinsured motorist insurance scheme," in which the Honorable Kenneth J. Gonzales, United States District Judge for the United States District Court of the District of New Mexico, grants the defendant-insurer's motion to dismiss and holds that "Crutcher does not apply to non-minimum policies." 658 F. Supp. 3d at 1023. According to Garcia, "non-minimum UIM policies are not" illusory, as Crutcher uses that term, because, pursuant to the offset rule, they "function[] exactly as intended by the New Mexico Legislature." 658 F. Supp. 3d at 1027. In support of this conclusion, Garcia cites to Bhasker II, stating that "the only case to squarely address non-minimum limits UIM policies prognosticated that the New Mexico Supreme Court would conclude 'that higher-than-minimum limits UIM coverage is not illusory' in the sense contemplated by Crutcher." 658 F. Supp. 3d at 1027 (citing Bhasker II, 361 F. Supp. 3d at 1143). This statement is accurate, but lacks context. Bhasker II notes that the "question whether the Supreme Court of New Mexico would conclude that higher limits UIM coverage is illusory has no bearing on Bhasker's claim that Financial Indemnity's policy application violated her and the proposed class members' reasonable expectations." 361 F.

Supp. 3d at 1148.  The plaintiff, states the Court in Bhasker II, "may proceed on her theory that Financial Indemnity's misleading and deceptive business practices engendered for the proposed class -- to include insureds who purchased non-minimum limits coverage -- a reasonable expectation that UIM insurance provides additional coverage when the insured's damages exceed what is available from the tortfeasor."  361 F. Supp. 3d at 1148.  Just as the plaintiff in Bhasker II alleges that the insurers intentionally or negligently "misled her and the proposed class when selling them UM/UIM coverage,"  361 F. Supp 3d. at 1150, the Plaintiffs in this case allege that "[a]s a direct and proximate result of Defendants misrepresentations, [the class members] suffered economic loss," Complaint ¶ 136, at 25.  Bhasker II controls the results here and entitles the Plaintiffs to continue to pursue their claims against the Defendants.

**IT IS ORDERED** that: (i) the Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint, or, in the Alternative, to Stay Proceedings, filed March 29, 2023 (Doc. 5), is granted in part and denied in part; (ii) the Defendants' request that the Court dismiss the Plaintiffs' Class Action Complaint, filed February 17, 2023, in State court, filed March 22, 2023, in federal court (Doc. 1-1), is denied; (iii) the Defendants' request for a stay is granted; (iv) the stay shall be in effect until the Supreme Court of New Mexico decides Smith v. Interinsurance Exchange of Automobile Club, and the Court lifts the stay.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Bryan L. Williams
Williams Injury Law, P.C.
Albuquerque, New Mexico

-- and --

Andrea D. Harris
Valle, O'Cleireachain, Zamora & Harris, P.C.
Albuquerque, New Mexico

-- and --

Corbin Hildebrandt
Corbin Hildebrandt, P.C.
Albuquerque, New Mexico

-- and --

Geoffrey R. Romero
Law Offices of Geoffrey R. Romero
Albuquerque, New Mexico

-- and --

Kedar Bhasker
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Kevin D. Pierce
Jennifer A. Noya
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*